THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGEL CANCEL, M.D.; PRAVIN JAIN, M.D.; GRACE DUQUE-DIZON, M.D.; and MANOJNA SANJEEV, M.D. : : : : : Plaintiffs, : : v. : : ALVIN SEWELL, M.D., ind. & official capacities; SANJIWAN TARABADKAR, M.D., ind. & official capacities; VALRAY MCDONALD, M.D., as executrix of the estate of MILES MCDONALD, M.D., ind. & official capacities; A. DONALD FAULK, JR., ind. & official capacities; LOUIS GOOLSBY, M.D., ind. & official capacities; THE MEDICAL CENTER OF CENTRAL GEORGIA, INC.; and THE NEXUS MEDICAL GROUP, LLC., : : : : : : : : : : : : : Defendants. : : | Civil Action No. 5:10-cv-273 (CAR) |

## ORDER ON PLAINTIFFS' MOTION TO REMAND

Currently before the Court is Plaintiffs' Motion to Remand [Doc. 12] this case to the Superior Court of Bibb County, Georgia, where Plaintiffs originally filed this action over five years ago. Plaintiffs contend, and the Court agrees, that because Defendants failed to timely remove the case to this Court, the case must be remanded. Therefore, Plaintiffs' Motion to Remand [Doc. 12] is **GRANTED,** and this case is hereby **REMANDED** to the

1

Superior Court of Bibb County, Georgia.

## BACKGROUND

Plaintiffs filed this case in state court over five years ago, on August 31, 2005, and, over the course of those five years, the parties have engaged in extensive discovery and motion practice. Indeed, the parties have filed multiple dispositive motions on certain issues – some of which have been appealed to the Georgia Court of Appeals – and the state court has twice set this case for trial.

In the original complaint, Plaintiffs asserted only state law claims. However, throughout this litigation Plaintiffs have amended their complaint three times, each time raising a federal claim under the False Claims Act, 31 U.S.C. § 3729 et seq. In fact, Plaintiffs first raised a federal claim in their first Amended Complaint and Demand for Jury Trial ("First Amended Complaint"), filed over five years ago, only three months after the original complaint, on November 23, 2005. See Am. Compl., Doc. 1, Ex. 4, ¶ 16. Defendants, however, did not remove the action at that time, contending that the allegations did not state a claim upon which relief may be granted under the False Claims Act and therefore did not establish any federal subject matter jurisdiction. Plaintiffs filed their Second Amended Complaint over three and a half years ago, on April 27, 2007, which included the same assertions under the False Claims Act. See Doc. 1, Ex. 5, 2nd Am. Compl., ¶ 16. Again, Defendants did not remove the action. Finally, on July 7, 2010,

Plaintiffs filed their Third Amended Complaint specifically asserting a newly-raised retaliatory termination claim under the False Claims Act, 31 U.S.C. § § 3729(h), as Count IV.  See Doc. 1, Ex. 6, 3rd Am. Compl.  Upon receipt of the Third Amended Complaint, Defendants removed the action to this Court.

Plaintiffs filed the instant Motion contending that Defendants' removal is untimely, and therefore the case must be remanded to state court.  Plaintiffs contend that the First Amended Complaint filed in state court on November 23, 2005, contained a federal claim pursuant to the False Claims Act, thereby establishing federal question jurisdiction and accordingly providing a basis for removal pursuant to 28 U.S.C. § 1441(a).  Plaintiffs assert that Defendants' failure to remove the case based upon the First Amended Complaint in November 2005, and, instead, waiting and removing the case based on the retaliatory termination claim under the False Claims Act asserted in the Third Amended Complaint in July 2010, makes the removal untimely.

Defendants, however, contend they timely and properly removed the case within 30 days of the time from which they first could ascertain that the case was removable under 28 U.S.C. § 1446(b) – the date Plaintiffs filed the Third Amended Complaint.  Defendants argue that while Plaintiffs may have *raised* a federal claim under the False Claims Act in the prior amended complaints, they failed to *state a claim upon which relief may be granted*. Thus, because Plaintiffs failed to state a federal claim, this Court lacked jurisdiction over

the case, making the case non-removable at that time. Defendants assert that this case only became removable when Plaintiffs stated the retaliatory termination claim under the False Claims Act claim in the Third Amended Complaint. As explained below, however, the law does not support Defendants' argument.

## DISCUSSION

A defendant may remove a case filed in state court to federal court if the district court has original subject matter jurisdiction. 28 U.S.C. § 1441. Here, there is no dispute that this Court has original jurisdiction over the case pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Remand is appropriate when there is a defect in the removal process, such as an untimely filing. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001).

In order for a defendant to properly remove a case, the defendant must timely file the notice of removal. The timing of a notice of removal is controlled by 28 U.S.C. § 1446(b). An action, like the one here, that is not removable based upon the initial pleadings, may become removable on the basis of a copy of an amended pleading, motion, order, or other paper. Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)). The defendant must file a notice of removal within 30 days of

receiving such a document supporting removal, and the court must determine whether the document and notice establish jurisdiction. Id. at 1213.

Thus, in order for this Court to determine whether Defendants' notice of removal was timely under § 1446(b), the Court must first determine whether the First Amended Complaint established jurisdiction for removal. Because the Court finds that this case was removable upon Plaintiffs' filing of the First Amended Complaint, Defendants' removal more than five years later is clearly untimely, and thus the Court must remand this case to state court.

Plaintiffs filed the First Amended Complaint on November 23, 2005, three months after filing the original complaint. In that complaint, Plaintiffs first raised a federal claim under the False Claims Act. Specifically, Plaintiffs alleged that

> Dr. Cancel's investigation further revealed that MCCG, through Centra and CGAS, likely billed patients and/or insurers for services or procedures allegedly performed by a CGAS anesthesiologist who was not present during the procedure or service. His review of the CGAS documents showed Medicaid/Medicare compliance problems which would have falsely resulted in billings for services not performed by the CGAS physician or which would have falsely reflected that they supervised anesthesiology assistants (AAs) or CNRAs, when in fact, that supervision did not occur. On information and belief, the fraudulent billings described in paragraphs 15 and 16 resulted in unearned and unjustified revenues for both CGAS and MCCS, and *constituted a violation of 31 U.S.C. § 3729 et seq. (The False Claims Act).*

See Doc. 1, Ex. 4, Am. Compl., ¶ 16 (emphasis added).

While these allegations may not state a claim under the False Claims Act upon

5

which relief may be granted, Defendants' contention that the allegations do not establish removal jurisdiction is not supported by the law. Simply because a claim may be subject to attack in a Fed. R. Civ. P. 12(b)(6) dismissal motion does not mean that a federal court does not have subject matter jurisdiction to trigger removal so that the court can address the sufficiency of the complaint. "The scope of federal jurisdiction is broader than the existence of a cause of action." Cervantes v. Bexar County Civil Service Comm'n, 99 F.3d 730, 733 (5th Cir. 1996). "The question [of jurisdiction] is not whether the plaintiff has a cause of action or a remedy, but whether the district court may entertain the suit. *The assertion of a claim under a federal statute alone is sufficient to empower the district Court to assume jurisdiction over the case* and determine whether, in fact, the Act does provide the claimed right." Id. (citation and internal quotation marks omitted) (emphasis in original). Thus, even if the First Amended Complaint was insufficient to state a claim upon which relief could be granted under the False Claims Act (as Defendants argue) the claim may nonetheless be sufficient to create federal subject matter jurisdiction.

The distinction between whether a complaint states a cause of action and whether it is sufficient to raise federal question jurisdiction to trigger removal is illustrated in Cervantes v. Bexar County Civil Service Comm'n, supra. In Cervantes, the plaintiff included a claim in his amended complaint in state court which stated in conclusory fashion that he was "entitled to the affirmative relief he seeks . . . pursuant to . . . Title 42

6

of the United States Code, Section 1983." The Fifth Circuit concluded that this was sufficient to create federal subject matter jurisdiction and therefore began the time period for removal. Because the defendant in Cervantes failed to remove the action within thirty days of the receipt of the amended pleading which included this allegation, the Fifth Circuit reversed and remanded the case to the district court with instructions to remand the action to state court because the removal notice had been untimely filed.

The allegations in the First Amended Complaint in this case are certainly no more sparse than the allegations in the complaint in Cervantes. Despite Defendants' contentions otherwise, Plaintiffs' allegations in the First Amended Complaint that Defendants' actions constituted a violation of the False Claims Act is sufficient to create federal subject matter jurisdiction. Therefore, the time period for removal began with the filing of the First Amended Complaint.

Defendants argue that Plaintiffs should be estopped from relying on the First (or second) Amended Complaint as a basis for establishing removal because prior to filing the Third Amended Complaint, Plaintiffs affirmatively represented to both the state court and Defendants that they were not asserting a federal claim. Defendants point to three documents to support their argument. First, Defendants' point to the Hospital Defendant's Responses to Plaintiff's First Request for Production of Documents served on Plaintiffs on October 25, 2006, almost one year after Plaintiffs filed the First Amended Complaint.

Defendants state that during discovery, Plaintiffs served numerous discovery requests seeking information beyond the scope of their state law tort claims. In their Response to these requests, Defendants' objection specifically stated that "Plaintiffs are attempting to abuse the discovery process in a state court civil action for common law fraud in an apparent attempt to obtain information for a federal False Claims Act case." See Doc. 13, Ex. 1, p. 4. Defendants contend that Plaintiffs' failure to respond to Defendants and state that they were, in fact, seeking relief under the federal False Claims Act estops them from relying on the First Amended Complaint as a basis for removal. As the second example, Defendants point to Plaintiff Jain's deposition testimony taken on July 10, 2006 – more than a year and a half after Plaintiffs filed the First Amended Complaint – that Plaintiffs had no intent to assert a federal FCA claim against the Hospital Defendants. See Depo. Transcript of P. Jain, Doc. 13, Ex. 2, 321:7-10; 322:14-18. Finally, Defendants point to Plaintiffs' Brief in Support of Plaintiffs' Motion to Vacate or Modify Protective Orders filed in state court on September 2, 2008 – almost three years after Plaintiffs filed the First Amended Complaint – wherein Plaintiffs affirmatively stated they were not bringing a claim under the federal FCA. See Doc. 1, Ex. 57, p. 3.

Despite the concerns which these examples raise, the Court finds Defendants' estoppel argument unpersuasive because they could not have relied on these documents to justify their failure to remove the case within 30 days after Plaintiffs filed the First

Amended Complaint. Indeed, the first example used in support of their estoppel argument occurred almost <u>one year</u> after Plaintiffs filed the First Amended Complaint; the second example occurred <u>over a year and a half</u> later; and the third occurred almost <u>three years</u> later. Obviously, each of these events occurred well outside the 30-day time period for removal after Plaintiffs filed the First Amended Complaint. Thus, Defendants could not have relied on Plaintiffs' representations that they were not pursuing a federal claim during the applicable time period for removal. While this Court in no way condones Plaintiffs' seeming misrepresentations about the nature of their claims, the fact remains that Defendants' time for removal began after Plaintiffs filed the First Amended Complaint on November 25, 2005, and Defendants have provided no evidence of Plaintiffs' intentions to not pursue a federal claim within 30 days of that filing.

The Court also finds that Plaintiffs' newly-asserted retaliatory termination claim in the Third Amended Complaint does not permit Defendants a second opportunity to remove the case. Given the strict construction with which courts are required to read removal statutes, and following the authority of numerous courts, the Court finds that the plain language of the statute does not permit removal, even on an entirely new basis, if the initially removable case was not timely removed. <u>See</u>, <u>e.g.</u>, <u>Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n</u>, 668 F.2d 962 (7th Cir. 1982), <u>cert. denied</u>, 459 U.S. 831 (1982) ("Section 1446(b) of the Judicial Code provides that is a case filed in a state court,

9

though removable to federal court, is not removed by petition filed within 30 days of the receipt of the complaint, it is not removable thereafter."); Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273, 1278-79 (C.D. Cal. 2001) ("Once the right to removal is waived, it is generally waived for fall time . . . regardless of subsequent changes in the case."); Sehl v. Safari Motor Coaches, Inc., 2001 WL 940846, *4 (N.D. Cal. Aug. 13, 2001) ("[S]ince [defendant] failed to remove the case within thirty days of the original complaint, which was removable at that time, [defendant] thereby waived its right to file a subsequent removal even though the complaint was amended to create a new basis for removal."); Samurai v. Kaiser Foundation Health Plan, Inc., 715 F.Supp. 970, 972 (N.D. Cal. 1989) (Changes to a complaint that create a new basis for removal do not undo the original waiver. If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'") (citations and quotations omitted).

The Court further finds that Defendants' removal right was not "revived" upon Plaintiffs' filing of the Third Amended Complaint. While the Eleventh Circuit has neither adopted nor rejected the so-called "revival exception," other courts have recognized a judicially-created exception to the 30-day timing requirement of removal. The Fifth Circuit in Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000), described a "judicially-created revival exception to the thirty-day requirement of section 1446(b)" under which a

defendant is permitted to remove beyond thirty-days after the initial filing where "the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." Id. at 241-42 (citing Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962 (7th Cir. 1982) ("[T]he courts have read into § 1446(b) an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially anew suit begun that day.")). Courts applying this exception have reasoned that "although a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed in the same case." Id. (internal citations omitted).

Even if this Court found the revival exception to be applicable law in this Circuit, it would not save Defendants' removal. Plaintiff's retaliatory termination claim under the False Claims Act does not so substantially alter the character of the action to constitute an essentially new lawsuit. In Johnson, the Fifth Circuit found the revival exception applicable because the allegations in an amended complaint bore "no resemblance whatsoever to the allegations of the [original] complaint." Johnson, 227 F.3d at 242 (citation omitted). The Fifth Circuit also found that applying the revival exception would not create any waste or delay as the state court had not held any significant proceedings on the new issues. Id. These rationales are completely lacking in this case.

11

Since Johnson, several district courts have recognized the existence of the revival exception, but in each case the court failed to find the exception applicable to the amended pleadings. See, e.g., Daggett v. Am. Security Ins. Co., 2008 WL 1776576, *3 (M.D. Fla. Apr. 17, 2008); City of Kenner v. United Fire and Casualty Co., 2007 WL 2177781, *2 (E.D. La. July 30, 2007); Rubstello, Inc. v. Trans. Ins. Co., 2005 WL 1503924, *4 (E.D. Cal. June 22, 2005); Tully v. Am. Fed. of Gov't Employees Local 3148, 2001 WL 253034, *2 (E.D. N.Y. Mar. 9, 2001); see also Dunn v. Gaiam, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001) (finding the Fifth Circuit's decision in Johnson v. Heublein to be the "only reported case . . . which actually relies on this [revival] exception."). Indeed, in Samuels v. Allstate Ins. Co., the court found the revival exception inapplicable even where the amended claims would require additional evidence and different burdens of proof. The court stated that "[a]lthough the amended claims will require additional evidence and different burdens of proof, this difference is not so substantial as to afford defendants a new opportunity to remove." Samuels v. Allstate Ins. Co., 2006 WL 449257, *4 (D. Kan. Feb. 23, 2006).

Because Defendants' removal was untimely, Plaintiff's Motion [Doc. 12] is **GRANTED**, and the case must be **REMANDED** to the Superior Court in Bibb County, Georgia.

It is SO ORDERED this 24th day of January, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH